IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| WILLIAM MASTON JR., | : | |
| Plaintiff, | : | Case No. 3:10cv00104 |
| v. | : | District Judge Timothy S. Black |
| MONTGOMERY COUNTY JAIL MEDICAL STAFF PERSONNEL, et al., | : | Magistrate Judge Sharon L. Ovington |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

Plaintiff, who is proceeding *pro se*, was incarcerated in the Montgomery County Jail on February 27, 2010, for a period of 11 days. (Doc. #4). Plaintiff states that he suffers from epilepsy and takes physician prescribed medication in order to prevent the occurrence of seizures. (*Id.*). Plaintiff alleges that on numerous occasions during his incarceration he informed medical staff working at the Montgomery County Jail of his medical condition and requested his prescription medication be provided. (*Id.*). Plaintiff states that his requests were ignored and as a result, on February 28, 2010, he suffered a "violent seizure" and was taken by ambulance to Grandview Hospital for treatment. (*Id.*). Subsequently, on March 22, 2010, Plaintiff filed his Complaint alleging medical staff and deputy sheriffs at the Montgomery County Jail violated his civil rights protected by the Constitution pursuant to 42 U.S.C. § 1983. (Doc. #2 at 1).

Upon *sua sponte* review by this Court, Plaintiff was ordered to file an Amended Complaint, "identifying the person or persons who, he claims, violated his constitutional rights." (Doc. #3 at 3). Pursuant to this Order, Plaintiff filed its Amended Complaint on April 7, 2010, identifying Defendants as: "Male Nurse Joyce"; "Nurse Jackie"; "Supervising Deputy 2nd Shift 2-28-10"; and "Supervising Deputy 1st Shift 3-01-10." (Doc. #4 at 2).

The case is presently before the Court upon Defendants Supervising Deputy 2nd Shift 2-28-10 and Supervising Deputy 1st Shift 3-01-10's ("Defendants") Motion to Dismiss (Doc. #12), Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Doc. #14), and the record as a whole.

## II. PLAINTIFF'S COMPLAINT

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Defendants for allegedly failing to provide him with the physician prescribed medication he takes to treat epilepsy and prevent seizures. (Doc. #4 at 3). According to Plaintiff, he was arrested on February 27, 2010, and processed into the Montgomery County Jail at approximately noon. (*Id.*). Plaintiff alleges that during processing he informed Nurse Joyce about his medical history and medications he takes to treat epilepsy. (*Id.*). Plaintiff further alleges he emphasized his immediate need to take his prescription medication and provided Nurse Joyce with his doctor's name and current pharmacy information. (*Id.*). Plaintiff contends he continually requested his medication from different medical staff and also informed Nurse Jackie about his current pharmacy information. (*Id.*).

Plaintiff states that on February 28, 2010, at approximately 10 a.m., "while housed in W-1-1" he had a "violent seizure due to no meds [being] administered to [him]." (*Id.*). Plaintiff states that as a result of his seizure, he "ran into a brick pillar head first, fell back[,] got up[,] and ran into 2 steel tables busting both of [his] knee caps." (*Id.*). Plaintiff alleges that he was taken to Grandview Hospital and subsequently returned to the Montgomery County Jail after receiving treatment for injuries sustained as a result of the seizure. (*Id.*). Plaintiff claims photographs of his injuries were taken by Montgomery County Jail staff upon his return from Grandview Hospital and that he was eventually released from incarceration on March 9th, 2010. (*Id.*).

Plaintiff seeks monetary damages for his "pain, suffering, and neglect of [his] rights as a citizen." Plaintiff also requests "some type of reprimand be handed down to the listed / guilty staff parties involved in this manner." (*Id.* at 4).

### III.  MOTION TO DISMISS

Defendants contend that Plaintiff's Amended Complaint must be dismissed under Fed. R. Civ. P. 12(b)(6), 12(b)(5), and 12(b)(2). (Doc. #12 at 1).

To determine whether a complaint states a claim upon which relief can be granted, the Court accepts the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

A complaint filed *pro se*, as in this case, should be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404

3

U.S. 519, 520, 92 S. Ct. 594, 595 30 L.Ed. 2d 652 (1972). Nonetheless, in order "to survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

The measure of a Rule 12(b)(6) challenge – whether the Complaint raises a right to relief above the speculative level – "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)(quoting in part *Twombly*, 127 S.Ct. At 1965). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft . Iqbal*, __ U.S. __ , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Gunasekera*, 551 F.3d at 466 (quoting in part *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007))(quoting *Twombly*, 127 S.Ct. at 1964). Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, __ U.S. __, 129 S.Ct. at 1950. "Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. ___, 179 L. Ed. 2d 233, 236 (2011).

## IV. ANALYSIS

Defendants requests this Court to dismiss Plaintiff's Amended Complaint based on numerous grounds. (Doc. #12 at 1). In part, Defendants argue that Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim because Plaintiff has failed to allege that Defendants did anything other than, at most, improperly supervise or control Nurse Jackie and Nurse Joyce ("Nurse Defendants"). (Doc. #12 at 4).

Plaintiff's claim under 42 U.S.C. § 1983 is ultimately based on protections provided in the Cruel and Unusual Punishment Clause of the Eighth Amendment. Although "cruel and unusual punishment" may be synonymous with thoughts of torture and other physically barbaric treatment, the Eighth Amendment also provides protection

5

against "punishments which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society,' or which 'involve the unnecessary and unwanton infliction of pain.'" *Estelle v. Gamble*, 429 U.S. 97, 102-3, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (internal citations omitted). Accordingly, the government has an "obligation to provide medical care for those whom it is punishing by incarceration."*Id.* at 103.

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."*Id.* As such, a Plaintiff must establish two factors to state a claim under 42 U.S.C. § 1983: (1) the alleged deprivation is, objectively, "sufficiently serious"**;** and (2) the prison official acted with "deliberate indifference" to inmate health or safety. *Id.*; *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

In cases where a plaintiff alleges a violation of 42 U.S.C. § 1983 based on an official's supervisory actions, the plaintiff must allege facts which show the official "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).  "The law is clear that liability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson County*, 668 F.2d 869, 872 (6th Cir. 1982). "[A] failure of a supervisory official to supervise, control, or train the offending individual officers is not actionable absent a showing that the official either encouraged the specific incident of misconduct or in some other way directly participated in it." *Hays v. Jefferson County*,

6

668 F.2d at 874.

In this case, Plaintiff's Amended Complaint states that he suffers from epilepsy and takes physician prescribed medication daily to prevent the occurrence of seizures. (Doc. #4 at 3). Plaintiff alleges that after being booked in the Montgomery County Jail at approximately noon on February 27, 2010, he spoke with Nurse Joyce during processing and gave him a list of his medications, his doctor's name, as well as the name and location of his pharmacy. (*Id.*) Plaintiff alleges that he "put emphasis on [his] immediate need for the above meds. taken for epilepsy . . . [and] kept requesting [his] meds from different medical staff." (*Id.*) Plaintiff claims that in addition to informing Nurse Joyce about this information, that he "personally gave a nurse Jackie my pharmacist['s] [name] . . . [and] Nurse Jackie said, she would take care of it." (*Id.*)  Plaintiff alleges this conversation took place at approximately 10:00 a.m. on February 28, 2010. (*Id.*) Plaintiff states that around "3 or 4 p.m. [on] 2/28/2010 [he] had a violent seizure due to no meds administered to [him]. . . [and he] ran into a brick pillar head first, fell back[,] got up[,] and ran into 2 steel tables busting both of [his] knee caps." (*Id.*) Plaintiff's knowledge of this incident is based on statements made by staff and other inmates to him upon his return from the hospital after being treated for the injuries he sustained during this seizure. (*Id.*)

Accepting the allegations set forth by Plaintiff as true, and construing the complaint in the light most favorable to the Plaintiff, Plaintiff has failed to set forth sufficient factual details necessary to state a claim for relief that is plausible on its face.

7

While Plaintiff makes numerous references to his alleged interactions with Nurse Joyce and Nurse Jackie, Plaintiff's Amended Complaint is entirely devoid of any direct allegations relating to the moving Defendants. Even a liberal construction of Plaintiff's Amended Complaint viewed in the light most favorable to the Plaintiff sets forth little more than an implication that Defendants failed to supervise or control Nurse Joyce and Nurse Jackie. Yet, "a claim of failure to supervise or properly train under section 1983 cannot be based on simple negligence." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). As Plaintiff has not set forth any allegations that Defendants participated in, or encouraged, the alleged misconduct of Nurse Joyce and Nurse Jackie, Plaintiff has failed to provide sufficient factual details necessary to state a claim for relief that is plausible under 42 U.S.C. § 1983.

Accordingly, it is recommended that Defendants' Motion to Dismiss be granted. Defendants' request that this Court dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(2) is therefore rendered moot and does not require evaluation.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendants Supervising Deputy 2nd Shift 2-28-10 and Supervising Deputy 1st Shift 3-01-10's Motion to Dismiss (Doc. #12) be GRANTED.

April 18, 2011

                 s/Sharon L. Ovington
                 Sharon L. Ovington
               United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).